

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-58,288-04

**EX PARTE BERNARDIST DOVOTE LEE, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W97-46252-S(C) IN THE 282ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). This Court remanded the writ application so Dallas County could complete the fact finding undertaken with an order designating issues. *Ex parte Lee*, No. WR-58,288-04 (Tex. Crim. App. May 13, 2015) (not designated for publication). The District Clerk forwarded a supplemental record to this Court containing, among other things, findings of fact and conclusions of law in which the habeas court recommends that relief be denied. The findings and conclusions refer to an evidentiary hearing conducted on January 29, 2016, at which trial counsel appears to have testified, and Applicant withdrew some of the issues raised in

his writ application. However, this Court has no transcription or other record of the evidentiary hearing. TEX. CODE CRIM. PROC. art. 11.07 § 3(d). Applicant has since filed motions in this Court, claiming he was unaware that his habeas counsel moved to withdraw those issues.

The judge of the 282nd District Court of Dallas County shall file a response with this Court by having the District Clerk submit the transcript from the evidentiary hearing pertaining to this habeas corpus application, along with any other parts of the record that have not been forwarded. The judge shall also make supplemental findings addressing Applicant's allegation that other issues in his writ application were waived without his consent. Should the court determine that Applicant did not waive those grounds, it shall make supplemental findings of fact addressing those grounds, as necessary.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 60 days of this order. A supplemental transcript containing the reporter's record from the habeas hearing, all affidavits and interrogatories, and the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 90 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 3, 2016
Do not publish